IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.        No. CR 03-2281 MCA

RONNIE ESPINOSA,

    Defendant.

MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR SENTENCE REDUCTION

This matter is before the Court on Defendant's Motion For Nunc Pro Tunc Order Granting Sentence Reduction (Doc. 164).  Defendant is serving a sentence imposed for his offense of possession with intent to distribute cocaine (conspiracy).  He asserts that this Court, in imposing a sentence to run concurrently with a previously imposed state sentence, failed to account for the time already served on the state sentence.  Defendant also alleges that his custodian (BOP) has refused to credit his current term of imprisonment for the time served on the prior state conviction.  *See Varnado v. Federal Bureau of Prisons*, 26 F. App'x 825, 826 (10th Cir. 2001) ("pursuant to 18 U.S.C. § 3585(b), no federal credit can be awarded for prior custody because that time was credited to his state sentences.").  Now, rather than seeking habeas corpus relief against the execution of his sentence in the district where he is confined, *see United States v. Wilson*, 503 U.S. 329, 335-36 (1992); *Bennett v. United States Parole Comm'n*, 83 F.3d 324, 328 (10th Cir. 1996), Defendant asks this Court to reduce his sentence by the amount of time he served on the prior state sentence.

The Court may not grant the relief that Defendant seeks.  The applicable statute prohibits modification of a sentence except in specified circumstances.  *See* 18 U.S.C. § 3582(c).  "We have

explained that ' "[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." ' " *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (internal citations omitted).  The statutory exceptions to the prohibition are (1) "upon motion of the Director of the Bureau of Prisons" for certain compelling circumstances, (2) as "otherwise expressly permitted by statute or by Rule," and (3) for retroactive amendments of sentencing guidelines.  *See* § 3582(c)(1), (2).  Because Defendant's allegations invoke none of the exceptions specified in § 3582(c), *and cf. Varnado*, 26 F. App'x at 826, the Court will deny the motion.

   IT IS THEREFORE ORDERED that Defendant's Motion For Nunc Pro Tunc Order Granting Sentence Reduction (Doc. 164) is DENIED.

                _____
                UNITED STATES DISTRICT JUDGE